## Grieb, County Court Clerk, v. Jefferson County Fiscal Court et al.

(Decided May 7, 1935.)

ELLIOT LEE MADDOX for appellant.

LAWRENCE S. GRAUMAN and STUART E. LAMPE for appellees.

OPINION PER CURIAM.

The Jefferson county fiscal court and its members brought this action in the Jefferson Circuit Court, Chancery Branch, Second Division, against John P. Grieb, clerk of the Jefferson county court, for a declaration of rights concerning the purchase of additional ballot boxes for the September "run-off primary" required by the Gaines-Myers Compulsory Primary Law enacted by the General Assembly at its 1935 Special Session, and concerning other questions incidentally involved. On final hearing the chancellor rendered the following judgment:

"This cause for a binding declaration of rights between the plaintiffs, Jefferson county fiscal court, composed of Ben F. Ewing, county judge, William F. Clarke, Jr., Isaac Hilliard, and George C. Burton, members; and Ben F. Ewing, county judge, William F. Clarke, Jr., Isaac Hilliard, and George C. Burton, as individuals, and the defendant, John P. Grieb, clerk of the county court of Jefferson county, Ky., came on for hearing upon the plaintiffs' petition, and the defendant's answer thereto; the plaintiffs being represented by Lawrence S. Grauman, county attorney, and Stuart E. Lampe, assistant county attorney, and the defendant, John P. Grieb, clerk of the county court of Jefferson county, Ky., being present in person, and the court being advised, and it appearing to the court that under the provisions of section 1550-25 of the Kentucky Statutes it was provided that the ballot boxes used in a primary election should be opened by the county

clerk and the returns therein destroyed within ten days before the succeeding November election, provided no contest or recount has been instituted, and it appearing that under the provisions of the 'Gaines-Myers Compulsory Primary Law' enacted at the Special Session for the year 1935, and known as sections 1550-1, 1550-1a of the Statutes, in the event no candidate in the primary election held on the first Saturday in August, 1935, receives a majority of all the votes cast for the candidates of his party for the office which he seeks, then a second primary election shall be held on the first Saturday in September following, and that the secretary of state shall certify to the respective county clerks of the state the names of two candidates for each office, whose names shall be printed upon the ballot to be used in said second primary election to be held on the first Saturday in September, and it appearing that in said 'Gaines Myers Compulsory Primary Law' no provision was made for the time after the count of the ballots cast at the August primary had been completed when the county clerk could open the ballot boxes and remove and destroy the ballots contained therein, and no provision was made for the use in the second primary in September of the same ballot boxes used in the August primary, these boxes or any other boxes; it, however, being provided in section 1482 of the Kentucky Statutes, as amended in 1932 (Acts 1932, c. 83, sec. 1), that the county election commission after fifteen days, provided no contest or recount is filed in any race against any candidate, shall return the keys to said ballot boxes to the county clerk, but if any such contest or recount, either of nominations or elections, has been filed, said commissioners shall hold said keys subject to the orders of the court trying such contest.

"The court is therefore of the opinion that it was not the intention of the Legislature to unnecessarily burden all of the counties of the commonwealth of Kentucky, and the taxpayers thereof, with the unnecessary expense of purchasing a second set of ballot boxes for use at the September 'runoff primary,' and that it was the intention of the Legislature, after the secretary of state had certified to the county court clerks the names of the

two candidates for each office, whose names shall be printed upon the ballot to be used in the second primary election to be held on the first Saturday in September, that the county court clerk should open the said ballot boxes used at the August primary, and the ballots therein removed and destroyed by said county clerk; therefore, it is now ordered and adjudged that the defendant, John P. Grieb, as clerk of the Jefferson county court, is not authorized or required to purchase a second set of ballot boxes to be used at the September primary to be held in September, 1935, or at any other September primary held hereafter under the 'Gaines-Myers Compulsory Primary Law,' and said defendant is authorized and empowered, after receiving from the secretary of state the names of the two candidates for each office, whose names shall be printed upon the ballot to be used in said second primary election to be held on the first Saturday in September, to open the ballot boxes used in the August primary, and to remove the ballots therefrom and to destroy said ballots, and to use in the September primary the same ballot boxes as were used in the August primary; provided, however, that in the event a contest or recount has been filed for the nomination for any office other than a state office, for which ballots were cast in the August primary, then, and in that event, the court in which said contest is pending will make such orders as may be proper and necessary relative to the opening of the ballot boxes used in the August primary, and the removing of the ballots and the preservation of said ballots.

"It further appearing to the court that section 1482 of the Kentucky Statutes, being an act of the 1900 Special Session of the Legislature (chapter 3, sec. 10), provided that if no contest had been filed after a general election held, at the expiration of six months, the county court clerk should destroy the ballots contained in the ballot boxes used at the preceding general election, and when the Legislature in 1932 amended and re-enacted section 1482 of the Kentucky Statutes, the provision with reference to the period of time which had to expire before the county clerk could open said ballot boxes and destroy the ballots was entirely omitted, and

that said section 1482 of the Kentucky Statutes as now constituted makes no reference as to the period of time after the general election when the county clerk may open the ballot boxes used at the preceding November election, and destroy the ballots contained therein, the court is of the opinion that the re-enactment of section 1482, at the 1932 Session, intended to, and did repeal so much of section 1482 of the Kentucky Statutes as required the county clerk to wait six months before opening said ballot boxes, and destroying the ballots contained therein.

"Now, therefore, it is considered and adjudged that in general elections, August primary elections, and September second primary elections, if no contest is filed in any race against any candidate within the time limit as provided by law, the county court clerk is authorized, empowered, and directed to open the ballot boxes used at the preceding general election, primary or 'run-off primary,' and to remove and destroy the ballots contained therein. In the event a contest is filed against any candidate in the general election, August primary or 'run-off primary,' then the court in which the said contest is filed and pending will make proper orders for the preservation of said ballots.

"It is further adjudged that the defendant is permanently enjoined from purchasing a second set of ballot boxes for use at the 'Gaines-Myers compulsory run-off primary' for the year 1935, to all of which the defendant, John P. Grieb, clerk of the Jefferson county court, objects and excepts, and prays an appeal to the Court of Appeals, which is hereby granted."

As the judgment not only states the facts and conclusions reached, but gives the chancellor's reasons for his conclusions in which we concur, the judgment is adopted as the opinion of the court.

Wherefore, the judgment is affirmed.

Whole court sitting.